FILED

DEC 20 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ERICA CHARLITHA ODOM NUNN | § | |
|    Plaintiff | § | |
| v. | § | CASE NO. 5:24-CV-00935-FB |
| CONVERSE POLICE DEPARTMENT; | § | |
| KIMBERLY MOLDER; and | § | |
| IRIS MATA | § | |
|    Defendants | § | |

## FINAL AMENDED COMPLAINT FOR A CIVIL CASE

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, ERICA ODOM NUNN, Plaintiff, and submits this Final Amended

Complaint against Defendants CONVERSE POLICE DEPARTMENT, KIMBERLY MOLDER,

individually and in her official capacity as a Patrol Lieutenant of the Converse Police

Department; and IRIS MATA, individually and in her official capacity as a Patrol Sergeant of the

Converse Police Department, pursuant to Federal Rule of Civil Procedure 15(a), and for causes

of action would respectfully show the Court the following:

## DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 pursuant to Rule 190.3 of the

Texas Rules of Civil Procedure.

## PARTIES

2. Plaintiff ERICA ODOM NUNN is an individual residing in Guadalupe County, Texas.

3. Defendant CONVERSE POLICE DEPARTMENT is a unit of government in Bexar County, Texas and was served on August 28, 2024 at 402 S Seguin, Converse, Texas 78109.

4. Defendant KIMBERLY MOLDER is a Patrol Lieutenant of the Converse Police Department and was served on August 28, 2024 at 402 S Seguin, Converse, Texas 78109.

5. Defendant IRIS MATA is a Patrol Sergeant of the Converse Police Department and was served on September 3, 2024 at 402 S Seguin, Converse, Texas 78109.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter for the reason that Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  42 U.S.C. § 1983, Fourth and Fourteenth Amendments are at issue in this case.

7. The Venue is proper per 28 U.S.C. § 1391 as Plaintiff, Erica Odom Nunn, is a citizen of the State of Texas. The Defendant, Converse Police Department, is incorporated under the laws of the State of Texas and has its principal place of business in the State of Texas. The Defendant, Kimberly Molder, is a citizen of the State of Texas. The Defendant, Iris Mata, is a citizen of the State of Texas.

## NATURE OF THE CASE

8. This is a civil rights action brought under 42 U.S.C. § 1983 against Defendants for violations of Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. Plaintiff was unlawfully arrested in her marital home and had her personal property seized without legal justification. Defendants acted under color of law and

in accordance with unlawful policies, practices, and customs of the Converse Police Department. Plaintiff seeks damages and injunctive relief for violations of her constitutional rights.

## STATEMENT OF FACTS

9. On August 26, 2022, Plaintiff was at her marital home in Converse, Texas when a Bexar county officer arrived. Plaintiff explained to the officer that she had valid temporary court orders granting her residence at the property during divorce proceedings. The officer made a statement such as, 'It looks like this is a civil matter' into his radio.

10. Defendant Officer Iris Mata, of the Converse Police Department, arrived at the residence and raised her voice at the Plaintiff shouting and stating approximately, 'What are you doing here!' Plaintiff explained calmly that she had a right to be there according to the court orders and presented the orders to Mata. Mata refused to acknowledge the orders saying they were too old.

11. Officer Molder, also of the Converse Police Department, made a phone call describing the Plaintiff's behavior as violent, and made claims that the Plaintiff 'dared them to arrest her,' however, the Plaintiff maintained a calm demeanor while speaking to the officers.

12. On August 26, 2022, Plaintiff was arrested by Defendants Officer Kimberly Molder and Officer Iris Mata of the Converse Police Department. Officer Mata snatched the cell phone from the Plaintiff's hands and put her in handcuffs. Plaintiff was kept from retrieving her personal property that was seized without a warrant. Some of this property was never returned.

13. On the day of the arrest, Converse Police officers openly discussed amongst themselves that the Plaintiff was previously in possession of the house, and the address on

protective order was also listed as the children's address. Despite this, Defendant Officers Molder and Mata disregarded this information and arrested the Plaintiff in her marital home.

14. As a direct result of the unlawful actions by Defendants, Plaintiff suffered significant emotional distress, including anxiety, fear, humiliation, and depression. Plaintiff's reputation was damaged due to the public nature of the arrest and the subsequent sharing of bodycam footage online, causing harm to her personal and professional relationships. Plaintiff experienced financial losses, including legal fees, towing expenses, and the cost of replacing her seized items. The actions of Defendants also negatively impacted Plaintiff's standing in her divorce proceedings, as her then estranged husband exploited the arrest to undermine her credibility and seek custody advantages.

15. Following the arrest, Plaintiff made formal requests to the City of Converse for records related to her arrest, including bodycam footage, incident reports, and officer training materials. Instead of providing transparency, the City sought to withhold records by requesting a ruling from the Office of the Attorney General to exempt them from disclosure.

## CAUSES OF ACTION

16. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

### Defendant Officer Kimberly Molder

### Unlawful Arrest - Fourth Amendment Violation

17. On August 26, 2022, Officer Kimberly Molder, acting under color of law, unlawfully arrested Plaintiff in her marital home without probable cause. Plaintiff presented valid court orders confirming her legal right to reside in the home, but Molder refused to acknowledge them.

Despite Plaintiff's calm and compliant demeanor, Molder fabricated claims of violent behavior, falsely accusing Plaintiff of 'daring the officers to arrest her.' Molder's actions violated Plaintiff's Fourth Amendment right to be free from unlawful seizure by arresting her without probable cause, despite her presentation of valid court orders confirming her legal right to remain in the marital home. Under *Terry v. Ohio*, 392 U.S. 1 (1968), the absence of reasonable suspicion or probable cause renders such an arrest unconstitutional. Moreover, the 'totality of the circumstances' test established in *Illinois v. Gates*, 462 U.S. 213 (1983), demonstrates that no facts supported the Defendants' actions.

18. On the day of Plaintiff's arrest, the Converse officers acknowledged that they had reviewed the protective order, which explicitly granted Plaintiff the right to be in the marital home. The officers also discussed that Plaintiff had been previously in possession of the house and that the property was the listed address for the children. Despite this knowledge and verbal acknowledgment among officers that 'this is not a break-in matter, but a civil issue,' Defendant Molder proceeded to arrest Plaintiff without probable cause. This deliberate disregard of clear evidence of Plaintiff's legal rights, the court orders, Plaintiff's calm compliance, and the officers' acknowledgment of the civil nature of the dispute, demonstrate a willful violation of Plaintiff's Fourth Amendment rights.

19. As a direct result of Defendant Molder's unlawful arrest of Plaintiff, Plaintiff suffered emotional distress, including humiliation, anxiety, and fear. Plaintiff's reputation was harmed by the public nature of her arrest, as bodycam footage was later shared online. The arrest also led to financial damages, including legal fees for her criminal defense and impound expenses for her vehicles. The unlawful arrest further impacted Plaintiff's divorce proceedings, as her then

estranged husband used the incident to undermine her credibility in court and pursue custody advantages.

## Unlawful Seizure of Property - Fourth Amendment Violation

20. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

21. On the day of Plaintiff's arrest, Defendant Molder seized Plaintiff's personal property, without legal justification or a warrant, despite clear knowledge that the matter was civil in nature and Plaintiff had court orders regarding the ownership of the property. The unlawful seizure of Plaintiff's personal property, including vehicles, a firearm, security cameras, purse, money, and other items without a warrant or legal justification, violated the Fourth Amendment. The principles outlined in *Arizona v. Gant*, 556 U.S. 332 (2009), prohibit warrantless seizures absent a clear and justified legal basis. Defendants' actions disregarded these constitutional safeguards, causing Plaintiff financial and emotional harm. Plaintiff incurred impound fees and to recover her vehicles. The loss of her firearm left her without a means of personal protection during an ongoing divorce involving prior incidents of family violence. The loss of her security cameras not only created an invasion of privacy but also led to their use by her now ex-husband to publish private footage online, causing additional reputational harm and emotional distress.

## Retaliation for Exercise of Legal Rights -First Amendment Violation

22. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

23. Officer Molder's actions were retaliatory in nature, motivated by Plaintiff's prior exercise of her First Amendment right to petition the government. Prior to the incident, Plaintiff had reported concerns to the Converse Police Department about disputes involving her then estranged husband and improperly documented police reports. On the day of the arrest, Molder referenced prior interactions with Plaintiff, and fabricated accusations of violence to justify the arrest, demonstrating retaliatory intent. This retaliation caused Plaintiff emotional distress, reputational harm, and financial loss. The retaliatory arrest was later exploited by Plaintiff's then estranged husband to undermine her credibility in court, leading to additional legal expenses and adverse outcomes in her divorce proceedings.

### Intentional Infliction of Emotional Distress

24. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

25. As Plaintiff stood inside the marital home holding calm conversations with other Converse officers, Molder stepped outside to make a phone call. On the call she described Plaintiff's behavior as "violent" and stated that Plaintiff was 'daring police to arrest her.' Defendant Molder engaged in extreme and outrageous conduct by falsely accusing Plaintiff of violent behavior, disregarding valid legal documents, and escalating the situation unnecessarily from a civil to a criminal matter. Molder's behavior was excessive and out of proportion to the circumstances, given Plaintiff's calm compliance and lawful presence. This unwarranted escalation and aggressive behavior by the defendant constituted intimidation, violating Plaintiff's Fourth Amendment rights. As a result, Plaintiff suffered significant emotional distress, including anxiety, fear, and humiliation.

26. The extreme and outrageous conduct of Defendant Molder was done with reckless disregard for the severe emotional harm it would cause Plaintiff. Molder acted intentionally and with malice, and her actions were deliberate and unreasonable. Plaintiff experienced depression, weight loss, swollen lymph nodes, and other physical symptoms as a result of the trauma. The dissemination of bodycam footage online compounded the harm, subjecting Plaintiff to further humiliation and reputational damage.

### Violation of Due Process - Fourteenth Amendment Violation

27. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

28. Defendant Molder deprived Plaintiff of her property and liberty without affording her the procedural protections guaranteed by the Fourteenth Amendment. Under *Mathews v. Eldridge*, 424 U.S. 319 (1976), due process requires notice and an opportunity to be heard before property deprivation. Despite possessing valid court orders, Plaintiff was arrested, and her property was seized without these procedural safeguards. Defendants' actions constituted a deliberate disregard for Plaintiff's constitutional rights, in violation of the standards set forth in *Daniels v. Williams*, 474 U.S. 327 (1986). Despite being presented with valid court orders confirming Plaintiff's legal right to reside in the home and possess her property, and despite officers stating this was civil in nature, Molder ignored this evidence and proceeded with an arrest and property seizure, resulting in financial loss, emotional harm, and reputational damage for Plaintiff.

### Conspiracy to Violate Constitutional Rights

29. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

30. Officer Molder conspired with other government officials, including Officer Iris Mata, to deprive Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments. Molder fabricated accusations of violent behavior, disregarded exculpatory evidence, such as the protective order and temporary orders, and collaborated with other officers to arrest Plaintiff and seize her property without legal justification. Defendants' coordinated actions to unlawfully arrest Plaintiff and seize her property caused significant harm, including emotional distress, financial losses, and reputational damage. Plaintiff was forced to incur legal fees for her defense and fees to recover her property. The conspiracy also led to a negative impact on Plaintiff's divorce proceedings, as her then estranged husband used the arrest and related false narratives to gain an unfair advantage in court.

### Defendant Officer Iris Mata

### Unlawful Arrest - Fourth Amendment Violation

31. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

32. On August 26, 2022, Defendant Officer Iris Mata, acting under color of law, unlawfully arrested Plaintiff in her marital home without probable cause. When Mata approached Plaintiff she immediately began yelling something like, 'What are you doing here!' Plaintiff calmly presented valid court orders confirming her legal right to reside in the property but Mata disregarded the court order and escalated the situation unnecessarily without any legal justification, despite Plaintiff's calm and compliant demeanor.

33. Before Mata approached Plaintiff, the Bexar county officer that first arrived to speak with Plaintiff stated into his radio that 'this is a civil issue.' Outside the home, Converse officers acknowledged that they had reviewed the protective order and it stated that Plaintiff had been previously in possession of the house and that the property was the listed address for the children. Despite this knowledge and verbal acknowledgment among officers that 'this is not a break-in matter, but a civil issue,' Defendant Mata proceeded to arrest Plaintiff without probable cause. This deliberate disregard of Plaintiff's legal rights or the acknowledgment of the civil nature of the dispute demonstrate a willful violation of Plaintiff's rights. Mata violated Plaintiff's Fourth Amendment right to be free from unlawful seizure by arresting her without probable cause, despite her presentation of valid court orders confirming her legal right to remain in the marital home. Under Terry v. Ohio, 392 U.S. 1 (1968), the absence of reasonable suspicion or probable cause renders such an arrest unconstitutional. Moreover, the 'totality of the circumstances' test established in Illinois v. Gates, 462 U.S. 213 (1983), demonstrates that no facts supported the Defendant's actions.

34. As a direct result of Defendant Mata's unlawful arrest of Plaintiff, Plaintiff suffered emotional distress, including humiliation, anxiety, and fear. Plaintiff's reputation was harmed by the public nature of her arrest, as bodycam footage was later shared online. The arrest also led to financial damages, including legal fees for her criminal defense and impound expenses for her vehicles. The unlawful arrest further impacted Plaintiff's divorce proceedings, as her then estranged husband used the incident to undermine her credibility in court and pursue custody advantages.

## Unlawful Seizure of Property - Fourth Amendment Violation

35. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

36. Officer Mata snatched the cell phone from the Plaintiff's hands and put her in handcuffs. Defendant Mata violated Plaintiff's Fourth Amendment rights by unlawfully seizing Plaintiff's personal property, including her vehicles, a firearm, security cameras, and other items, without a warrant. Despite Plaintiff informing Mata that the cameras were her property, Mata refused to acknowledge this ownership and participated in the seizure.

37. The unlawful seizure of Plaintiff's personal property, including vehicles, a firearm, and security cameras, without a warrant or legal justification, violated the Fourth Amendment. The principles outlined in Arizona v. Gant, 556 U.S. 332 (2009), prohibit warrantless seizures absent a clear and justified legal basis. Defendants' actions disregarded these constitutional safeguards, causing Plaintiff financial and emotional harm. Plaintiff incurred towing fees and other costs to recover her vehicles. The loss of her firearm left her without a means of personal protection during an ongoing divorce involving prior incidents of family violence. The loss of her security cameras not only created an invasion of privacy but also led to their use by her ex-husband to publish private footage online, causing additional reputational harm and emotional distress.

### Retaliation for Exercise of Legal Rights - First Amendment Violation

38. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

39. Prior to August 26, 2022, Plaintiff exercised her First Amendment right to petition the government by contacting the Converse Police Department about property disputes and

protective order violations involving her then estranged husband, about safe residence in the marital home, and security cameras removed by her spouse. On the day of the arrest, Mata explicitly questioned Plaintiff's presence in her marital home with words like, 'Why are you back at the house?' She said words like, 'We are not going to spend hours at the house again.' Mata's comments and actions, including her dismissive tone and aggressive behavior, demonstrate retaliatory animus and an intent to penalize Plaintiff for asserting her legal rights. Defendants' retaliatory actions, including questioning Plaintiff's presence at her marital home and disregarding her legal rights, caused Plaintiff significant emotional distress, including anxiety, fear, and humiliation, reputational harm, and negative consequences in Plaintiff's ongoing divorce proceedings. The retaliatory arrest was later exploited by Plaintiff's ex-husband to undermine her credibility in court, leading to additional legal expenses and adverse outcomes in her divorce proceedings.

### Intentional Infliction of Emotional Distress

40. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

41. Defendant Mata engaged in extreme and outrageous conduct designed to intimidate Plaintiff and undermine her confidence in asserting her legal rights. This conduct included dismissing Plaintiff's valid court orders, yelling, escalating a civil matter into a criminal arrest, and forcefully taking Plaintiff's phone. Defendant Mata acted with reckless disregard for the emotional harm her actions would cause Plaintiff. As a direct result of Defendant Mata's behavior, Plaintiff suffered severe emotional distress, including depression, weight loss, swollen lymph nodes, and other physical symptoms stemming from the trauma of the incident. The

dissemination of bodycam footage online further compounded this harm, subjecting Plaintiff to additional humiliation and reputational damage. Defendant Mata's actions exceed the bounds of decency and were intended to cause, or were carried out with reckless disregard for causing, emotional harm to Plaintiff.

## Excessive Force - Fourth Amendment Violation

42. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

43. Plaintiff spoke calmly with the Bexar county officer who first arrived, and with the other Converse officers about what was happening, even small talk about Disney movies. Under the standard set forth in Graham v. Connor, 490 U.S. 386 (1989), claims of excessive force are evaluated based on the "objective reasonableness" of the officer's actions in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. In this case, Defendant Mata's use of force was objectively unreasonable, as there was no immediate threat to safety, no active resistance by Plaintiff, and no justification for the aggressive seizure of her phone. The excessive force used by Defendant Mata violated Plaintiff's Fourth Amendment rights, which protect individuals from the use of force that is not justified by the situation. As a direct result, Plaintiff suffered significant emotional distress, including fear, anxiety, and humiliation.

## Violation of Due Process - Fourteenth Amendment Violation

44. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

45. Defendant Mata violated Plaintiff's Fourteenth Amendment right to due process by depriving Plaintiff of her liberty and property without legal justification. Despite the presence of valid court orders confirming Plaintiff's right to occupy the residence, Mata disregarded these orders and participated in Plaintiff's arrest and the seizure of her property. Mata's actions denied Plaintiff the opportunity to be heard and to retain property without proper legal procedure, and caused Plaintiff financial loss, emotional harm, and reputational damage.

**Conspiracy to Violate Constitutional Rights**

46. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

47. Defendant Mata conspired with other officers, including Defendant Kimberly Molder, to deprive Plaintiff of her constitutional rights under the Fourth and Fourteenth Amendments. Mata's refusal to acknowledge court documents and her participation in the unlawful arrest, property seizure, and retaliation for Plaintiff's prior exercise of her legal rights, demonstrates coordinated action to violate Plaintiff's rights. Mata's actions caused significant harm, including emotional distress, financial losses, and reputational damage. Plaintiff was forced to incur legal fees for her defense and fees to recover her property. This also led to a negative impact on Plaintiff's divorce proceedings, as her then estranged husband used the arrest and related false narratives to gain an unfair advantage in court.

**Defendant Converse Police Department**

**Failure to Train and Supervise**

48. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

49. The Converse Police Department failed to provide adequate training and supervision to its officers, resulting in violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments. The department did not properly train officers on handling civil disputes, recognizing and enforcing court orders, and respecting property rights during ongoing divorce proceedings. This lack of training directly led to the unlawful arrest of Plaintiff on August 26, 2022, despite the civil nature of the situation and Plaintiff's presentation of valid court orders granting her residence in the marital home.

50. The department failed to supervise its officers and prevent misconduct. Prior complaints made by Plaintiff regarding other officers were ignored, including complaints about mishandled police reports. By failing to investigate or discipline officers, the department endorsed inappropriate and unconstitutional behavior. This failure to train and supervise demonstrates deliberate indifference to the constitutional rights of citizens, including Plaintiff, and directly caused the violations of Plaintiff's rights, leading to emotional distress, financial loss, and reputational harm.

**Custom or Policy Leading to Constitutional Violations**

51. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

52. The Converse Police Department maintained policies, practices, or customs that were a moving force behind the violations of Plaintiff's constitutional rights, as outlined in *Monell v.*

*Department of Social Services*, 436 U.S. 658 (1978). Specifically, the department's failure to provide adequate training on handling civil disputes and recognizing court orders reflects a deliberate indifference to constitutional rights, as articulated in *City of Canton v. Harris*, 489 U.S. 378 (1989). Additionally, the department's pattern of withholding records and failing to investigate complaints perpetuated an environment of impunity that enabled these violations.

53. The department ignored complaints of officer misconduct, such as Plaintiff's July 8, 2022 complaint regarding the mishandling of a police report filed on July 2, 2022. By failing to investigate or correct these violations, the department fostered an environment where officers felt empowered to act with disregard for constitutional rights.

54. The department failed to implement policies to guide officers on how to appropriately handle disputes involving protective orders and ongoing divorce proceedings, creating inconsistency in enforcement. The department exhibited a pattern of inconsistent responses to civil disputes, including the handling of Plaintiff's complaints. On November 1, 2021, Plaintiff reported the removal of her security cameras by her estranged husband, explaining the equipment had been purchased by Plaintiff's parents for her protection during the divorce. The Converse officer dismissed her complaint, and as Plaintiff recalls he said 'nothing would be done since the divorce was not finalized.' Despite this stance, on August 26, 2022, Plaintiff was arrested for burglary of the same marital home while the divorce was still not finalized. These policies, practices, or customs caused the violations of Plaintiff's Fourth and Fourteenth Amendment rights, including unlawful arrest, unlawful seizure of property, and due process violations.

55. Plaintiff has requested documents related to her arrest but the documents have not been provided. The Converse Police Department, through the City of Converse, has established a policy or custom of withholding critical records and information from the public, including

documents related to Plaintiff's arrest and complaints of officer misconduct. By seeking to withhold these records under claims of confidentiality, and failing to provide timely and transparent access to these records, the department has demonstrated a deliberate indifference to public accountability. This practice reflects a broader institutional effort to shield the department from scrutiny and avoid addressing systemic issues that contribute to constitutional violations.

56. The City of Converse's decision to delay disclosure of records by seeking an Attorney General ruling represents an intentional procedural obstruction. This obstructive conduct highlights a systemic failure within the Converse Police Department to prioritize transparency and accountability. By delaying access to critical information, the department perpetuates a culture of impunity, further enabling violations of constitutional rights.

### General Negligence by Converse Police Department

57. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

58. The Converse Police Department failed to exercise reasonable care in training, supervising, and managing its officers and the handling of sensitive materials, resulting in foreseeable harm to Plaintiff. The department owed a duty of care to the public, including Plaintiff, to ensure its officers were properly trained to handle civil disputes, recognize and enforce valid legal documents, avoid unnecessary escalation, and protect the confidentiality of bodycam footage captured during interactions with the public. This claim is brought under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as the claim arises from the same set of facts and circumstances as Plaintiff's federal claims.

59. The department's negligence in fulfilling these duties directly caused Plaintiff's unlawful arrest and the seizure of her property. Additionally, the release of bodycam footage online of Plaintiff's arrest inside her home, further compounded the harm by subjecting Plaintiff to public humiliation and reputational damage. These failures resulted in significant emotional distress, financial loss, and a violation of Plaintiff's right to privacy.

**Retaliation for Exercising Constitutional Rights - First Amendment Violation**

60. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

61. Defendants' retaliatory actions against Plaintiff for exercising her First Amendment right to petition the government, including her prior complaints regarding officer misconduct, further demonstrate their intent to suppress her constitutional rights. The suppression of such rights under the guise of law enforcement action is a direct violation of the protections enshrined in 42 U.S.C. § 1983 and established precedents such as *Monroe v. Pape*, 365 U.S. 167 (1961).

62. Plaintiff contacted the police department multiple times regarding property disputes and her safety from her estranged husband during divorce proceedings. On July 8, 2022, Plaintiff made a complaint with the Converse Police Department regarding the mishandling of a police report filed on July 2, 2022, stating that the police report did not reflect the actual facts regarding violent acts by her estranged husband. On August 26, 2022, Officer Mata questioned why Plaintiff had returned to the house stating, 'We are not going to spend hours at the house again.'

63. Despite Plaintiff filing formal complaints on July 8, 2022, and August 31, 2022, regarding officer misconduct, the Converse Police Department failed to investigate or take corrective action. Instead, the department, through the City of Converse, sought to withhold

records related to these complaints. This pattern of concealing misconduct and discouraging accountability reflects a custom of protecting officers at the expense of individuals seeking justice.

64. The department's failure to address Plaintiff's complaints and its retaliatory actions against her demonstrate a pattern of punishing individuals for exercising their legal rights. This retaliation caused Plaintiff significant emotional distress, reputational harm, and financial loss, including adverse outcomes in her divorce proceedings, as her ex-husband exploited the arrest to undermine her credibility.

## Failure to Intervene - Fourth and Fourteenth Amendment Violations

65. Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as if fully set forth herein.

66. The Converse Police Department failed to ensure that its officers intervened to prevent the violation of Plaintiff's constitutional rights during the events of August 26, 2022. Officers Avilez, Shaw, and Vela were present when Officer Molder made false accusations of violent behavior. These officers had a reasonable opportunity to intervene to prevent the unlawful arrest and seizure of Plaintiff's property but chose not to act. Their failure to intervene and correct the false statements made by Officer Molder, as well as their passive acceptance of the unlawful arrest and seizure of property, constitutes accepted policies, practices, or customs of the Converse Police Department. A similar instance of this passive acceptance can also be seen on bodycam footage of the incident from July 2, 2022, whereby a Converse officer told another they thought it was actually an act of violence, only to be quieted by another officer saying something to the effect of 'this house makes calls all the time.'

67. The department's failure to train officers to recognize and prevent unconstitutional behavior directly enabled this inaction, resulting in further indifference and violations of Plaintiff's rights. The first officer on the scene, a Bexar County police officer, correctly assessed the situation as a civil matter, indicating proper training. However, Officer Mata escalated the situation by yelling and Officer Molder fabricated stories about the Plaintiff acting violently. This discrepancy demonstrates a lack of proper training and supervision within the Converse Police Department. The department's failure to enforce appropriate intervention policies caused Plaintiff emotional distress, financial loss, and reputational harm.

## Governmental Immunity

68. Defendants Mata and Molder are not entitled to qualified immunity because their actions violated Plaintiff's clearly established constitutional rights, of which any reasonable officer would have been aware. Under *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), qualified immunity does not protect officials who violate clearly established rights that a reasonable officer would know to be unlawful. These rights were well established at the time of the incident on August 26, 2022. A reasonable officer would have known that disregarding valid court orders, escalating a civil matter into a criminal arrest, and seizing personal property without a warrant or probable cause were unconstitutional. Additionally, a reasonable officer would have understood that fabricating false statements or lying about an individual's behavior to justify an arrest or seizure violates the individual's clearly established constitutional rights under the Fourth and Fourteenth Amendments. The actions of Defendants Mata and Molder were objectively unreasonable and undertaken with deliberate disregard for Plaintiff's constitutional rights, rendering qualified immunity inapplicable.

69. Regarding Municipal Immunity, this suit falls outside the application of governmental immunity to the extent that it involves claims under 42 U.S.C. § 1983 for the deprivation of federal constitutional rights. The Converse Police Department, through its policies, practices, and customs, acted with deliberate indifference to Plaintiff's rights, as demonstrated by its failure to train and supervise its officers adequately. These actions resulted in direct harm to Plaintiff, rendering governmental immunity inapplicable.

## Damages

70. Plaintiff seeks the following damages:

71. Compensatory Damages. Plaintiff seeks compensatory damages in an amount to be determined at trial, including but not limited to:

71.1. Bail money and related expenses incurred due to the wrongful arrest.

71.2. Fees and costs associated with retrieving vehicles from the tow yard.

71.3. Medical expenses, including counseling and therapy for emotional distress.

71.4. Loss of income and other financial losses resulting from the wrongful arrest.

71.5. Attorneys' fees paid for criminal defense and representation in this civil action.

71.6. Loss of time and resources spent recovering from the wrongful arrest, including consulting with legal and other professionals.

72. Punitive Damages. Plaintiff seeks punitive damages in an amount sufficient to punish Defendants' wrongful conduct and deter similar future misconduct.

73. Damages for Emotional Distress. Plaintiff seeks damages for emotional distress, pain, and suffering caused by Defendants' actions.

74. Reputational Damages. Plaintiff seeks damages to address harm to Plaintiff's standing in her community and professional opportunities, including:

      A- Mentions of the arrest during divorce proceedings.

      B- Family and friends being notified of the arrest.

      C- Publication of bodycam and security camera footage online.

75. Interest. Plaintiff seeks pre-judgment and post-judgment interest at the maximum rate allowed by law on all sums awarded to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

76. Return of Property: Order the return of Plaintiff's security cameras and firearm unlawfully seized by the police.

77. Expungement: Order the expungement of Plaintiff's arrest record related to the wrongful arrest on August 26, 2022.

78. Injunctive Relief: Issue an injunction to prevent Defendants from engaging in similar unconstitutional actions, including but not limited to:

78.1. Requiring the Converse Police Department to implement policies and training on handling civil disputes.

78.2 Training on understanding court orders

78.3. Prohibiting the dissemination of bodycam footage without proper safeguards.

78.4. Preventing unlawful arrests and seizures.

79. Attorneys' Fees and Costs: Award Plaintiff reasonable attorneys' fees and costs incurred in bringing this action, as permitted by applicable law.

80. Equitable Relief: Grant equitable relief as deemed just and proper by the Court, including but not limited to, orders for policy changes within the Converse Police Department.

81. Other Relief: Grant any other relief the Court deems appropriate and just under the circumstances.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, Plaintiff certifies to the best of her knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Respectfully submitted,

Erica Odom Nunn, Pro Se
209 Rio Vista Dr
Cibolo, TX 78108
Tel: (210) 526-1461
wdsmiles@gmail.com