UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ERICA CHARLITHA ODOM NUNN § | |
| § | |
| Plaintiff § | |
| § | |
| VS. § | CASE NO. SA-24-CA-0935-FB-ESC |
| § | |
| CONVERSE POLICE DEPARTMENT; § | |
| KIMBERLY MOLDER; and IRIS MATA § | |
| § | |
| Defendants. § | |

**DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE U.S. DISTRICT COURT:

DEFENDANTS KIMBERLY MOLDER, individually in her capacity as Patrol Lieutenant of the Converse Police Department ("Molder"), and IRIS MATA, individually in her capacity as Patrol Sergeant of the Converse Police Department ("Mata") collectively "Defendants," file these objections as authorized by Civil Procedure 72(b).

**A. Introduction**

1. On January 17, 2025, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint[1] [Dkt. 21], pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). On January 31, 2025, Plaintiff Erica Charlitha Odom Nunn ("Plaintiff") filed a response. [Dkt. 24]. On February 7, 2025, Defendants filed a Reply thereto. [Dkt. 25].

2. On May 22, 2025, the Honorable Magistrate Judge Elizabeth S. Chestney issued a Report and Recommendation ("Report") [Dkt. 27], ordering as follows:

---

[1] Plaintiff refers to the Second Amended Complaint as "Final" Amended Complaint. [See Dkt. 19].

- Plaintiff's due process, conspiracy to violate civil rights, and intentional infliction of emotional distress against Officers Molder and Mata should be **DISMISSED**.

- Plaintiff's excessive force claim against Officer Mata should also be **DISMISSED**.

- All of Plaintiff's claims against the City of Converse Police Department, which are construed as claims against the City of Converse, should be **DISMISSED**.

The *only remaining* claims against Officers Molder and Mata consist of unlawful arrest, unlawful seizure, and First Amendment retaliation.

3.    Defendants Molder and Mata file these objections to the Magistrate Judge's Report.

### B.  Argument

4.    If a party timely objects to the Magistrate Judge's Report, the district court must make a *de novo* determination of the objectionable portions of the Magistrate Judge's recommendations or findings.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).  The district court may then accept, reject or modify, in whole or in part, the recommendations or findings.  28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b).

### C.  Objections

5.    **General Objection**.  Defendants object to the Report holding as follows:  "Plaintiff's unlawful arrest, unlawful seizure, and First Amendment retaliation claims against Officers Molder and Mata should **survive**."[2]

6.    **Specific Objection No. 1**.  Defendants object to the Report holding as follows: "The undersigned disagrees that the Court may view the submitted body camera footage at the motion-to-dismiss stage…Ms. Nunn did not attach the body camera footage to her pleading, nor did she rely upon the videos to make her claims."[3]

---

2 *See,* Dkt. 27, p. 24.
3 *See,* Dkt. 27, p. 4.

7.     The Report erroneously finds that the video evidence was not central to Plaintiff's claims. Plaintiff's Complaint makes several references to the police officers' video evidence and ties her Fourth and First Amendment claims to damages allegedly caused by publication of body cam footage online.[4]  Plaintiff's Prayer for Relief also includes a request for injunctive relief to prohibit the dissemination of body cam footage.[5]

8.     As further evidence of Plaintiff's ostensible reliance on the officers' body worn camera video, she alleges that while she was inside her home, Defendant "Molder stepped outside to make a phone call.  On the call, she described Plaintiff's behavior as violent. She ties this conduct to her Fourth Amendment claim for "unwarranted escalation and aggressive behavior by the defendant...."[6]  That particular information can only be relied on from body cam video.[7]

9.     Additionally, Plaintiff alleges a conversation occurred outside the home involving police officers reviewing court protective orders among other factual allegations, leading to Plaintiff's allegation that the officers should have perceived the incident as a civil issue rather than criminal resulting in Defendant Mata's decision to arrest Plaintiff without probable cause, which is a Fourth Amendment claim.[8]  It is evident Plaintiff relied on officer body cam video to make these assertions.

---

[4] *See*, Dkt. 19, ¶14, alleging that "as a direct result of the unlawful actions by defendant, plaintiff suffered significant emotional distress, including anxiety, fear, humiliation, and depression. Plaintiff's reputation was damaged due to the public nature of the arrest, and the subsequent sharing of body cam footage online…" *See also,* Dkt. 19, ¶19, tying Plaintiff's damages against Defendant Molder's unlawful arrest to publication of body cam footage. *See also,* Dkt. 19, ¶¶25-26, connecting Defendant Molder's "escalation and aggressive behavior by the defendant constituted intimidation, violating Plaintiff's Fourth Amendment rights" to the dissemination of body cam footage online. *See also,* Dkt. 19, ¶34, tying Defendant Mata's unlawful arrest of Plaintiff to damages caused by the release of body cam footage. *See also,* Dkt. 19, ¶78.3- Prayer for Relief- request to obtaining relief from the Court to prohibit dissemination of bodycam footage without proper safeguards; ¶74(C)- Pleading for Reputational Damages based on publication of bodycam footage. .
[5] *See,* Dkt. 19, ¶78.3.
[6] *See,* Dkt. 19, ¶25.
[7] *See,* Dkt. 20, **Exhibit A2 at 0:04:32-0:07:04; 0:13:44-0:17:40.**
[8] *See,* Dkt. 19, ¶33.

10.     Plaintiff's Complaint includes the following repeated allegation covering the Fourth and First Amendment claims: "Plaintiff incorporates by reference the allegations contained in each preceding paragraph of this complaint as a fully set forth herein."[9] By reference, Plaintiff incorporates her reliance on video evidence in her remaining claims against Defendants and Defendants' use of body cam in its Motion to Dismiss should be considered.

11.     **Specific Objection No. 2**.  Defendants object to the Report, in the alternative to the arguments above, holding as follows: "Instead where a district court dismissed a § 1983 case based on body camera footage not attached to or referenced in the plaintiff's complaint, the Fifth Circuit treated the dismissal as 'an implicit conversion to summary judgment.'" (Citation omitted.)[10]

12.     The qualified immunity defense of the Defendant Officers must be determined at the earliest stage of a 1983 lawsuit.[11]  Here, Defendants aver primarily that Plaintiff ostensibly relied upon video evidence in her Complaint as she references conversations by officers that took place outside her presence and such video establishes Defendant Mata and Molder's entitlement to qualified immunity.[12]

13.     In the alternative, Defendants request conversion of their Motion to Dismiss filed under Rule 12(b)(6) to summary judgment under Rule 12(d) with appropriate limitations on the scope of

---

[9] *See,* Dkt. 19, ¶¶38, 60 (First Amendment violation) and ¶42 (Fourth amendment violation).
[10] *See,* Dkt. 27, p. 4.
[11] *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) ("[A] defendant's entitlement to qualified immunity must be determined 'at the earliest possible stage of the litigation.' *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam) ("That's because qualified immunity is more than 'a mere defense to liability.'); *Pearson v. Callahan*, 555 U.S. 223, 237, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (quotation omitted). It's also 'an immunity from suit.' *Ibid.* (quotation omitted). And one of the most important benefits of the qualified immunity defense is 'protection from pretrial discovery, which is costly, time-consuming, and intrusive.' *Backe,* infra., 691 F.3d at 648.").
[12] *See,* Dkt. 19, ¶¶25 and 33 (referencing officer conversations that took place outside her presence). Plaintiff artfully pleads that she asked for public information act requests, but does not disclose whether or not she obtained such body camera video or information from such video to make the assertions in her Complaint. (See fn 4 supra). Upon information and belief, Plaintiff received a copy of City of Converse police officers' body cam video footage that included Defendants Molder and Mata along with other officers' videos pursuant to a Texas Public Information Act request to the City of Converse.

discovery to maintain Defendants' entitlement to qualified immunity.[13]  Without the benefit of reviewing officer body cam videos, the officers are deprived of the protections of qualified immunity from suit and discovery at the Rule 12(b)(6) stage.[14]  Furthermore, failure to consider the body cam where Plaintiff has made it central to her claims is contrary to the recent Supreme Court ruling in *Barnes v. Felix*, to consider the "totality of the circumstances if it has put on chronological blinders."[15]   The body cam videos of Defendants Molder and Mata clearly controvert the allegations of Plaintiff that they had no proper basis or probable cause to arrest Plaintiff and seize property after a prolonged investigation and conference by Lt. Molder with an attorney from the District Attorney's office.  Defendants attached body cam video evidence to their Motion to Dismiss.[16] Defendants established that Plaintiff has made the body cam video central to her Complaint, and object to the exclusion of same in consideration of their entitlement to qualified immunity as to Plaintiff's claims.[17]

### D.   Conclusion

14.     Defendants object to particular holdings as specified above in the Magistrate Judge's Report and Recommendation.  Defendants request *de novo* review of their entitlement to qualified immunity. Defendants pray the Court grant their Motion to Dismiss [Dkt. 21] in its entirety; dismiss all of Plaintiff's claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6);

---

[13] *Backe v. LeBlanc*, 691 F.3d 645, 648-49 (5th Cir. 2012)(the court stated that it was "premature to address the defendant's assertions of qualified immunity before discovery has taken place," but as the Supreme Court has noted, that is *precisely* the point of qualified immunity: to protect public officials from expensive, intrusive discovery until and unless the requisite showing overcoming immunity is made.)
[14] *See, Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011) (citing *Scott v. Harris*, 550 U.S. 372, 381)(2007)) (holding that court not rely on plaintiff's description of facts where record discredits such description but should consider "the facts in the light depicted by the videotape.").
[15] *Barnes v. Felix*, 145 S.Ct. 1353 (2025).
[16] *See,* Dkt. 21, **Exhibit A (Avella Affidavit), Exhibit A1 (Bodycam recording entitled, "I.Mata Body Cam – 08.26.2022.mp4"); Exhibit A2 (Bodycam recording entitled, Molder Body Cam – 08.26.2022.mp4").**
[17] *See,* Dkt. 21, ¶¶17-20; Dkt. 25, ¶¶1-2; *see also, Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004)("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are [1] referred to in the plaintiff's complaint and [2] are central to her claim.")

or, in the alternative, convert Defendants' Motion to summary judgment under Rule 12(d) with specifically tailored discovery and for such other and further relief to which they may show themselves to be justly entitled.

SIGNED this 5th day of June, 2025.

                                                     Respectfully submitted,

DENTON NAVARRO RODRIGUEZ BERNAL SANTEE & ZECH
A Professional Corporation
2517 N. Main Avenue
San Antonio, Texas 78212
Telephone:     (210) 227-3243
Facsimile:     (210) 225-4481
pbernal@rampagelaw.com
cmrodriguez@rampagelaw.com

BY:     */s/ Clarissa M. Rodriguez*
       PATRICK C. BERNAL
       State Bar No. 02208750
       CLARISSA M. RODRIGUEZ
       State Bar No. 24056222
       COUNSEL FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify and attest that on this the 5th day of June, 2025, all parties in interest listed below have received a true and correct copy of the foregoing as indicated or by electronic mail from the Clerk of the Court.

Erica C. Odom Nunn                    **CMRRR # 9489 0090 0027 6104 1571 03**
209 Rio Vista Drive                    **& Copy First Class Regular Mail**
Cibolo, Texas 78108                  **& Email:** wdsmiles@gmail.com

                                                     */s/ Clarissa M. Rodriguez*
                                                     CLARISSA M. RODRIGUEZ