IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERICA CHARLITHA ODOM NUNN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-24-CV-935-FB |
| | § | |
| CONVERSE POLICE DEPARTMENT; | § | |
| KIMBERLY MOLDER; and IRIS MATA, | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Report and Recommendation of United States Magistrate Judge filed

on May 22, 2025 (docket #27) and Defendants' Objections to the Report and Recommendation of the

United States Magistrate Judge filed on June 5, 2025 (docket #31), by Defendants Kimberly Molder and

Iris Mata.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court

need not conduct a de novo review of them. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall

make a de novo determination of those portions of the report or specified proposed findings and

recommendations to which objection is made.").  In such cases, the Court need only review the Report

and Recommendation and determine whether they are either clearly erroneous or contrary to law.

*United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).

On the other hand, any Report or Recommendation to which there are objections requires de

novo review by the Court.  Such a review means that the Court will examine the entire record, and will

make an independent assessment of the law.  The Court need not, however, conduct a de novo review

when the objections are frivolous, conclusive, or general in nature.  *Battle v. United States Parole*

*Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

In the Report, Magistrate Judge Chestney recommends that Defendants' Motion to Dismiss

Second Amended Complaint (docket #21) be granted in part and denied in part such that Plaintiff's due

process, conspiracy to violate civil rights, and intentional infliction of emotional distress against Officers

Molder and Mata should be dismissed; Plaintiff's excessive force claim against Officer Mata should also

be dismissed; all of Plaintiff's claims against the City of Converse Police Department, which are

construed as claims against the City of Converse, should be dismissed; and Defendants' motion should

in all other respects be denied such that Plaintiff's unlawful arrest, unlawful seizure, and First

Amendment retaliation claims against Officers Molder and Mata should survive.

Defendants Molder and Mata object to the Report finding that the body camera footage

submitted by the Defendants will not be considered at the motion to dismiss stage. As explained in the

Report:

> Defendants' Motion to Dismiss heavily relies upon body camera footage that
> allegedly depicts the Officers possessing a different court order awarding the residence
> to Ms. Nunn's ex husband. Mainly citing summary-judgment stage opinions,[1]
> Defendants claim the Court may permissibly consider this footage in ruling on their
> motion to dismiss, as the allegations in Ms. Nunn's complaint are documented in the
> footage, are central to her claims, and directly contradict her allegations.
>
> The undersigned disagrees that the Court may view the submitted body camera
> footage at the motion-to-dismiss stage. The Fifth Circuit has approved of district courts
> considering body camera footage in § 1983 cases only where the plaintiff's complaint
> itself relies on the footage. *See, e.g., Robles v. Ciarletta*, 797 F. App'x 821, 832 (5th
> Cir. 2019) (holding that the district court properly considered body camera footage at
> the motion-to-dismiss stage where "[the plaintiff] relie[d] on the video . . . as evidence
> that [the officer] lacked probable cause" in his complaint). Body camera footage merely
> depicting allegations in a complaint does not make that video central to a plaintiff's
> claims. *Ramos v. Taylor*, 646 F. Supp. 3d 807, 815–16 (W.D. Tex. 2022); *Ambler v.
> Williamson Cnty., Tex.*, No. 1-20-CV-1068-LY, 2021 WL 769667, at *8 (W.D. Tex.
> Feb. 25, 2021) (Hightower, J.) (quoting *Slippi-Mensah v. Mills*, No.
> 1:15-CV-07750-NLH JS, 2016 WL 4820617, at *3 (D.N.J. Sept. 14, 2016)). Instead,

---

[1]    The one motion-to-dismiss stage opinion cited by Defendants involved a complaint with screen
captures from the relevant body camera footage. *See Rivera v. City of Pasadena*, 555 F. Supp. 3d 443, 452 (S.D.
Tex. 2021). Because Ms. Nunn did not rely on Defendants' footage in this way or any similar way, this case does not
support that the Court may review Defendants' footage at this time.

where a district court dismissed a § 1983 case based on body camera footage not attached to or referenced in the plaintiff's complaint, the Fifth Circuit treated the dismissal as "an implicit conversion to summary judgment." *See Hodge v. Engleman*, 90 F.4th 840, 843–45 (5th Cir. 2024).

Ms. Nunn did not attach the body camera footage to her pleading, nor did she rely upon the videos to make her claims. On the contrary, Ms. Nunn asserts in her response that her claims are based on *different* body camera footage from "other officers present on the scene . . . . whose recordings Defendants do not cite or submit." (Pl. Resp. [#24], at 4.)  Because Ms. Nunn did not rely upon Defendants' body camera footage or attach it to her Second Amended Complaint, the Court may not consider the body camera footage at this early stage in the litigation.  *See Hodge*, 90 F.4th at 843–45.

Report and Recommendation, docket #27 at pages 3-5.  Instead, the Report explains the resolution of the Motion to Dismiss must be based upon Plaintiff's pleadings in her Second Amended Complaint. *Id.* at page 5.

Defendants disagree with the Court's analysis and contend the Plaintiff's Complaint makes references to the video evidence by asserting facts that show she relied on the body camera footage. Defendants also contend that the qualified immunity defense must be determined at the earliest possible stage in a § 1983 lawsuit and the body camera footage establishes the Defendants' entitlement to that immunity.  In the alternative, Defendants ask their motion to dismiss be converted to summary judgment under rule 12(d) claiming that "[w]ithout the benefit of reviewing officer body cam videos, the officers are deprived of the protections of qualified immunity from suit and discovery at the Rule 12(b)(6) stage."  Objections, docket #31 at page 5.

The Court has reviewed the objections filed by Defendants Molder and Mata to the Report and Recommendation and has conducted a de novo review of the Magistrate Judge's Report and Recommendation and finds the objections should be overruled at this time.  *See Bass v. Jackson,* 776 F. Supp. 3d 535, 544-45 (E.D. Tex. 2025), *appealed dismissed for lack of jurisdiction,* (No. 25-40209, 5th Cir. Jul. 29, 2025) (recognizing the court's "'complete discretion' when assessing attachments at the 12(b)(6) stage"; and exercising this discretion in deciding not to consider the body camera footage

mentioned only "once in passing in the complaint" as follows: "'The officers had the discretion to question Plaintiff (even with body cams running) in the private office where they briefly met with her at the gym.'"); *Zeng v. City of Joshua, Tex.*, Civil Action No. 3:23-CV-1570-D, 2025 WL 847885, at *3 (N.D. Tex. Mar. 18, 2025) (finding the court cannot consider body-camera footage "unless either it is referenced by the complaint sufficiently to incorporate it, or the court converts the motion to dismiss into a motion for summary judgment under Rule 12(d)"; finding the body-camera footage not attached to the complaint and not referenced sufficiently to incorporate it in the complaint; deciding to exercise its discretion and decline to convert "defendants' motion to dismiss into a motion for summary judgment"; declining to consider the body-camera footage in deciding the motion to dismiss without prejudice "to considering it later, such as at the summary judgment stage").  The Court hereby accepts, approves, and adopts the factual findings and legal conclusions by the United States Magistrate Judge contained in the Report and Recommendation (docket #27).  The Report and Recommendation of the United States Magistrate Judge shall be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Defendants' Motion to Dismiss Second Amended Complaint (docket #21) shall be GRANTED IN PART and DENIED IN PART such that:  (1) Plaintiff's due process, conspiracy to violate civil rights, and intentional infliction of emotional distress against Officers Molder and Mata shall be DISMISSED; (2) Plaintiff's excessive force claim against Officer Mata shall be DISMISSED; (3) all of Plaintiff's claims against the City of Converse Police Department, which are construed as claims against the City of Converse, shall be DISMISSED, and (4) Defendants' motion in all other respects shall be DENIED such that Plaintiff's unlawful arrest, unlawful seizure, and First Amendment retaliation claims against Officers Molder and Mata remain.

Accordingly, it is hereby ORDERED that the Report and Recommendations of the United States Magistrate Judge, filed in this case on May 22, 2025 (docket #27) is ACCEPTED such that Defendants'

Motion to Dismiss Second Amended Complaint (docket #21) is GRANTED IN PART and DENIED IN PART such that:  (1) Plaintiff's due process, conspiracy to violate civil rights, and intentional infliction of emotional distress against Officers Molder and Mata are DISMISSED; (2) Plaintiff's excessive force claim against Officer Mata is DISMISSED; (3) all of Plaintiff's claims against the City of Converse Police Department, which are construed as claims against the City of Converse, are DISMISSED, and (4) Defendants' motion in all other respects is DENIED such that Plaintiff's unlawful arrest, unlawful seizure, and First Amendment retaliation claims against Officers Molder and Mata remain.

It is so ORDERED.

SIGNED this 17th day of September, 2025.

_____

FRED BIERY
UNITED STATES DISTRICT JUDGE